Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
206 Jefferson St.
Boise, ID 83702
P: 208-481-4812
E: barkley@barkleysmithlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| DALE AUSTIN,<br><br>               Plaintiff,<br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC and CACH, LLC,<br><br>               Defendant. | Case No.: 1:21-cv-170<br><br>**COMPLAINT**<br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Dale Austin, by and through his counsel of record, Barkley B. Smith of Barkley Smith Law, PLLC and allege his causes of action against Defendants as follows:

### INTRODUCTION

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act) and 15 U.S.C. 1692 *et seq*. (Fair Debt Collection Protection Act)

### JURISDICTION AND VENUE

Complaint - 1

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692(d) because the illicit collection and credit reporting activity was directed at Plaintiff in Ada County, ID.

3. Venue is proper in this district under 15 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a natural person currently residing in Ada County, Idaho.

5. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c) and the FDCPA, 15 U.S.C. §1692a(3).

6. Cach, LLC. (CACH) is a limited liability corporation incorporated under the laws of the State of Colorado and has a designated registered agent: Corporation Service Company, 12550 W Explorer Dr. STE #100, Boise, ID 83713.

7. CACH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

8. CACH is a "person" as that term defined by 15 U.S.C. § 1681a(b).

9. CACH is a "user" and a "furnisher" of credit information as defined by the FCRA.

10. Experian Information Solutions, Inc. (Experian) is a corporation incorporated under the laws of the State of Ohio and has a designated registered agent: CT Corporation Systems, 921 S Orchard St. STE G, Boise, ID 83705.

11. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681(d), to third parties. Experian is a "consumer reporting agency", as defined by 15 U.S.C. § 1681f.

## GENERAL ALLEGATIONS

12. At some time prior to the events made the basis of this lawsuit, Plaintiff allegedly became indebted to Webbank on a credit account.

13. Upon information and belief, prior to October 24, 2019, the account allegedly belonging to Plaintiff was sold, and/or transferred to Defendant CACH.

14. On October 24, 2019, CACH filed suit against Plaintiff in the Magistrate Division of the Ada County District Court in Idaho. The lawsuit filed by CACH was assigned case number cv01-19-19641.

15. CACH and Plaintiff filed a Stipulation to Dismiss the state case against Plaintiff with prejudice. The Magistrate Court dismissed the lawsuit on December 5, 2019.

16. Defendant CACH continued to update the account as past due with a balance of $9,664.00 to Defendant Experian after the Judgment for Dismissal with Prejudice was entered through at least September of 2020.

17. Defendant Experian has reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from January 2020 through at least September 2020. The inaccurate information includes collection accounts with CACH.

18. The inaccurate information negatively reflected upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines Plaintiff . Due to the Defendants faulty procedures, Defendant inaccurately reported Plaintiff had not satisfied accounts CACH was collecting.

19. Plaintiff disputed the inaccurate information with Experian by following Experian's established procedures for disputing consumer credit information.

20. Plaintiff disputed the inaccurate information with Defendants from about June 2020 through September 2020.

21. Notwithstanding Plaintiff's efforts, Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information.

22. Despite Plaintiff's efforts, Experian did not: (1) contact Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contact any third parties that would have relevant information concerning Plaintiff's disputes; (3) forward all relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents.

23. Notwithstanding Plaintiff's disputes, CACH has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by Experian concerning Plaintiff's disputes and upon CACH's conclusion of an ineffective investigation, it has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

24. The alleged debts reported by CACH arose out of transactions which were primarily for personal, family or household purposes. CACH sued Plaintiff in Ada County Magistrate Court regarding the alleged debt. The case was dismissed with prejudice on December 4, 2019.

25. Notwithstanding the above, CACH has been falsely furnishing and/or reporting the information about the debts in connection with Plaintiff's credit history to credit reporting agencies when they knew or should have known that the debts were paid by Plaintiff.

26. The debts negatively reflected upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

27. CACH knew or should have known that its actions violated the FDCPA. Additionally, CACH could have taken the steps necessary to bring its agent's actions within compliance of the law, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

28. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

29. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

30. At all times pertinent hereto, the conduct of the Defendants', as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Experian)

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to the Plaintiff for willfully, or in the alternative negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681i.

34. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. CACH)

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. CACH violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers and users of information pursuant to 15 U.S.C. § 1681s-2(b).

37. CACH's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result CACH is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT THREE – VIOLATIONS OF THE FDCPA
### (Plaintiff v. CACH)

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. The above reporting of the inaccurate information to credit reporting agencies by CACH are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

36. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

37. CACH violated the FDCPA. CACH's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

    a. The false representation of the amount, character or legal status of a debt;

    b. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including, but not limited to, failing to indicate that the account was disputed;

38. As a result of the above violations of the FDCPA, CACH is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant on Plaintiff's Claims for Relief for willful and/or negligent violations of the FCRA and FDCPA as follows:

    A. Judgment that Defendant's conduct listed in Plaintiff's First Claim of Action violated the FCRA;

    B. Actual damages in an amount which will be determined by a jury;

    C. Statutory damages against Defendants as determined by the court pursuant to 15 U.S.C. § 1681n;

    D.       Statutory damages against CACH as determined by the court pursuant to 15 U.S.C. § 1692k;

    E.       Punitive damages against Defendants in an amount which will be determined by a jury pursuant to 15 U.S.C. §1681n;

    F.       Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a);

    G.       Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

    H.       Injunctive relief from further violations.

Dated this 15th day of April, 2021.

Respectfully submitted by,

/s/ Barkley B. Smith
BARKLEY B. SMITH
Barkley Smith Law, PLLC